KAVANAUGH, Circuit Judge,
concurring:
I join the Court’s opinion. I note simply that the Section 7607 exhaustion/finality rule we describe today likely should not be considered jurisdictional under the Supreme Court’s recent cases that have tightened the definition of when a rule is considered jurisdictional. See generally Sebelius v. Auburn Regional Medical Center, — U.S. —, 133 S.Ct. 817, 824, 184 L.Ed.2d 627 (2013) (“To ward off profligate use of the term jurisdiction, we have adopted a readily administrable bright line for determining whether to classify a statutory limitation as jurisdictional. We inquire whether Congress has clearly stated that the rule is jurisdictional; absent such a clear statement, we have cautioned, courts should treat the restriction as non-jurisdictional in character.”) (citations, internal quotation marks, and alteration omitted); Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012) (“Recognizing our less than meticulous use of the term in the past, we have pressed a stricter distinction between truly jurisdictional rules, which govern a court’s adjudicatory authority, and nonjurisdic-tional claim-processing rules, which do not.”) (internal quotation marks omitted); Henderson ex rel. Henderson v. Shinseki, — U.S. —, 131 S.Ct. 1197, 1202-03, 179 L.Ed.2d 159 (2011) (“We have urged that a rule should not be referred to as jurisdictional unless it governs a court’s adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory, we have said, should not be given the jurisdictional brand.”) (citations omitted).
To be sure, at least one case of ours has referred to the Section 7607 rule as jurisdictional. See National Association of Clean Water Agencies v. EPA, 734 F.3d 1115, 1158 (D.C.Cir.2013). But our statement in that case was based on a prior case that pre-dated some of the Supreme Court’s more recent pronouncements on the jurisdiction label. Of course, the question of whether such a rule is jurisdictional matters only in those cases where the agency has waived or forfeited reliance on the rule, which is to say not often. Although we do not need to address the question in this case, in an appropriate case where it makes a difference, we may want to ensure that our case law on the jurisdictional status of this particular exhaustion/finality rule has kept pace with the Supreme Court’s case law on when a rule should be considered jurisdictional.